```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| Patrick Burton, # 260218, ) | C/A No. 2:10-3283-CMC-RSC |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Report and Recommendation |
| ) | |
| Levern Cohen, ) | |
| ) | |
| Respondent. ) | |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been submitted to the Court *pro se* by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

### FACTUAL BACKGROUND

This appears to be Petitioner's initial §2254 Petition addressing Assault and Battery of a High and Aggravated Nature and first-degree burglary convictions issued on a jury verdict in Abbeville County in September 2001. From the face of the Petition it is clear that Petitioner filed a direct appeal from his convictions, and that appeal concluded in a dismissal on May 6, 2003. Petitioner then filed a Post Conviction Relief (PCR) Application in the Abbeville County Court of Common Pleas. Case no. 2003-CP-01-287. That application was denied on January 13, 2005. Petitioner's appeal from that denial was by way of a

petition for writ of certiorari to the South Carolina Supreme Court, see S.C. Code Ann. § 17-27-100; SCACR 227, which was denied on June 2, 2009. Petitioner does not indicate that he filed any further legal challenges to his convictions in any state court since the Supreme Court's decision. The Petition in this case was submitted to Petitioner's institutional mailroom on December 22, 2010, over seventeen months after all of his state court challenges to his convictions concluded. See Houston v. Lack, 487 U.S. 266, 271 (1988)(pro se prisoner's pleading is deemed "filed" at moment of delivery to prison authorities for forwarding to district court). In response to question 18 on the § 2254 petition form, which seeks information applicable to the issue of the habeas corpus statute of limitations, Petitioner said (in toto): "With all do [sic] respect, y'all have the power to hear my petition are [sic] bar it. But if I violate 28 U.S.C. § 2244(d) statute of limitation have mercy." ECF No. 1. Compl. 15.

## PRO SE REVIEW

Under established local procedure in this judicial district, a careful review has been made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712

F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007. When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

## Discussion

When the Anti-Terrorism and Effective Death Penalty Act (AEDPA) took effect in 1996, Congress prescribed a uniform rule: "'[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.' 28 U.S.C. § 2244(d)(1)." *Day v. McDonough*, 547 U.S. 198, 202n.1 (2006). District courts are permitted, but not required, to consider *sua sponte* the timeliness of a state prisoner's § 2254 habeas petition after

3

giving the parties "fair notice and an opportunity" to present their position regarding the statute of limitations. *Id.* at 209-10. Subsection (d)(1)(A) of section 2244 provides that the limitations period shall run from the date when the judgment of conviction became final at the conclusion of direct review. 28 U.S.C. § 2244. Subsection (d)(2) of section 2244 provides that the limitations period is tolled while properly filed state post-conviction or collateral attack actions are pending. *Id.*

In Petitioner's case, it is not necessary for the Court to engage in the more commonly required calculation of un-tolled time periods that might have run between the direct appeal remittur and the filing of the PCR case or between the denial of the PCR case and the filing of the petition for writ of certiorari to review that denial to determine the timeliness of the Petition. The Petition is clearly untimely even giving Petitioner the benefit of an assumption (which is probably not really true) that each step in his process of exhausting his state remedies followed directly behind the other, and that he did not use up *any* of the days in his one-year limitation period by any delay in filing the next step. With this assumption in place, Petitioner would have had until June 3, 2010 to file his Petition in a timely manner because the running of the limitation period was tolled until the South Carolina Supreme Court denied his petition for writ of certiorari to review the PCR case. See *Crawley v. Catoe*, 257 F.3d 395, 399 (4th Cir. 2001); *Harris*

4

*v. Hutchinson*, 209 F.3d 325, 327-28 (4th Cir. 2000).[1]

From June 3, 2009, until December 22, 2010, the date on which Petitioner filed this action, the § 2244 limitation period was *not* tolled, and the number of days equals 566 days of un-tolled time accrued after the conclusion of the PCR proceedings. This un-tolled time period clearly exceeds the one-year statute of limitations required by the AEDPA's amendments to Title 28 U.S.C. § 2244(d). Therefore, the present petition is time-barred and should be dismissed on that basis unless the principle of equitable tolling is applied. *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002);[2] *see also Day v. McDonough*, 547 U.S. 198 (2006). *Cf. Rogers v. Isom*, 709 F. Supp. 115, 117 (E.D. Va. 1989) (civil rights case: "A determination of frivolousness on the basis of affirmative defenses is appropriate even though no responsive pleadings have been filed.").

The Fourth Circuit Court of Appeals has held that the one-year statute of limitations is subject to equitable tolling. *See Harris v. Hutchinson*, 209 F.3d at 330; *see also Lawrence v. Florida*, 549 U.S. at 336. Equitable tolling should be "reserved for those rare instances

---

[1] Petitioner did not file a petition for writ of certiorari with the United States Supreme Court, but, even if he had, the running of the limitations period would not be tolled for such filing or while any review was pending. *Lawrence v. Florida*, 549 U.S. 327, 331-33 (2007).

[2] This Report and Recommendation, Petitioner's opportunity to respond to question 18 on the Court-approved § 2254 petition form, and his right to file objections to this Report and Recommendation constitute Petitioner's notice of the Court's intent to rely on untimeliness to dismiss his Petition and his opportunities to object to dismissal of this Petition. *See Hill v. Braxton*, 277 F.3d at 707.

5

where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330. A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence*, 549 U.S. at 336 (citation omitted). An attorney's miscalculation of the time deadline is not sufficient to warrant equitable tolling. *Id.* A petitioner's confusion about the law does not warrant equitable tolling where the state of the law was settled. *Id.; see* United *States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (holding that an unrepresented prisoner's ignorance of the law is not extraordinary nor a circumstance external to his control).

Although Petitioner had a full opportunity to provide an "excuse" for the lateness of this Petition or to allege facts requiring equitable tolling when he responded to question 18 on the petition form, he did not do so. Instead, he seems to recognize his tardiness without actually saying it, offers no excuse, and then places the consideration at this Court's "mercy." ECF No. 1. The Court cannot provide such mercy in absence of facts showing that equitable tolling is appropriate.

### RECOMMENDATION

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *with prejudice* as untimely and without issuance and service of process upon Respondent.

Petitioner's attention is directed to the important notice on the next page.

                                                                                    /s/ Robert S. Carr
                                                                                    Robert S. Carr
                                                                                    United States Magistrate Judge

January 3/, 2011
Charleston, South Carolina

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).